**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: October 07 2010

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 05-39580 |
| | ) | |
| Villa Yvonne Duckett, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER

This case came before the court for hearing on Debtor's objection to affidavit of default [Doc. # 148], which the court construes as a motion to vacate this court's order granting relief from the automatic stay upon affidavit of default entered on July 8, 2010. The hearing was attended by Debtor, who is presently representing herself in this case; by counsel for American Home Mortgage Servicing, Inc., servicing agent for Wells Fargo Bank, NA, successor by merger to Wells Fargo Bank Minnesota, NA, ("Creditor"), the current holder of the note and mortgage on Debtor's home; and by counsel for the Chapter 13 Trustee. For the following reasons and those stated on the record, Debtor's motion will be granted and the automatic stay will be conditionally reinstated.

Debtor's confirmed Chapter 13 plan provides for cure of pre-petition mortgage arrearages and requires Debtor to pay outside the plan all payments that become due post-petition. [Doc. # 11]. On March 20, 2006, an Agreed Order was entered resolving Creditor's motion for relief from stay and requiring Debtor to cure a post-petition arrearage owed by her. That order was modified by the court on November 29, 2007, wherein the court found that Debtor owed $1,138.92 for post-petition amounts due under the note and mortgage held by Creditor and, in order to cure this arrearage, required Debtor to add $38.00 to her regular

monthly mortgage payments of $671.17, for a total monthly mortgage payment starting in January 2008 of $709.17, for a period of thirty months. [Doc. # 133]. The original Agreed Order provided that if Debtor fails to cure a default within ten days of receiving notice of the default, an order would be entered, without further hearing, terminating the stay upon an affidavit by Creditor attesting to the default. On July 7, 2010, the mortgage servicer filed an affidavit of default, stating that Debtor's account was in default for a total post-petition arrearage of $11,822.46 due to Debtor's failure to make any mortgage payments from December 1, 2008, through April 1, 2010, that notice of the default was sent to Debtor on May 27, 2010, and that Debtor did not cure the default. On July 8, 2010, the court entered an order terminating the automatic stay and ordering the Chapter 13 Trustee to discontinue payments to Creditor. Debtor seeks to vacate the July 8 order.

Federal Rule of Civil Procedure 60(b), made applicable to this case by Federal Rule of Bankruptcy Procedure 9024, provides as follows:

> On motion and just terms, the court may relieve a party. . . from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence. . .
> (3) fraud. . ., misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged,. . .; or
> (6) any other reason that justifies relief.

The residual clause in Rule 60(b)(6) permitting relief from judgment for "any other reason that justifies relief," requires a showing of extraordinary circumstances which are not addressed by the first five numbered clauses of Rule 60(b). *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009). The court finds such circumstances exist in this case.

The court confined the scope of the hearing to payments due after the court's November 29, 2007 order. Debtor provided uncontested and credible evidence, including documents, showing that she tendered her regular monthly payment through Western Union on December 15, 2007, and, beginning in January 2008 and continuing through February 2009, tendered through either Western Union or by MoneyGram Express Payment her regular monthly payment plus the additional $38 as required by the court's November 29 order. [*See* Debtor's Exs. A & B]. After making her June 2008 payment through Western Union, Debtor received notice, without further explanation, that her payment had been declined by her creditor. [Debtor's Ex. C]. She was directed to, and did, return to the Western Union agent's office to receive a refund in the amount of her attempted transfer. [*Id.*] She did not resubmit that payment.

No payments made thereafter were rejected, and Debtor continued to make the required monthly

payments until February 2009. She attempted to make the February 2009 payment through Western Union but was unable to do so due to an inability to determine the proper "code city" designation of the applicable company to whom the payment was to be sent. [*See* Debtor's Ex. C]. The inability of Debtor to make the June 2008 and February 2009 payments occurred around the same time periods that transfers of Debtor's loan were being made to different loan servicing agents of Creditor. [*See* Doc. ## 141 & 143]. Debtor was not served with notice of those transfers. [*See* Doc. ## 142 & 144]. On March 4, 2009, Debtor sent by certified mail a letter to the entity that she believed was the correct loan servicing agent of Creditor requesting information as to who was servicing her loan and where she should direct her payments. [*See* Debtor's Ex. A, p. 5/10]. According to Debtor, she received no response to that letter, and she has not attempted to make any further loan payments.

At the hearing, counsel for the Chapter 13 Trustee informed the court that the current balance required for completion of Debtor's confirmed Chapter 13 plan is $538.75, of which $97.86 is the balance required to pay in full Debtor's prepetition mortgage arrearage.[1] She also indicated that there is only one month left in Debtor's sixty-month plan. *See* 11 U.S.C. § 1322(d) (making five years the maximum length of any Chapter 13 plan).[2]

Based on the evidence presented at the hearing that from December 2007 through February 2009 Debtor made or attempted to make by tendering funds to the entity she believed was the correct servicing agent all required payments, and on evidence that her payments were not accepted in June 2008 and February 2009 through no fault of her own, the court finds that its understanding of the facts now differs materially from those understood at the time of its July 8, 2010, order terminating the automatic stay on the basis of the servicing agent's affidavit of default. For this reason, and those stated at the hearing, the court finds that vacating the July 8 order "is appropriate to accomplish justice." *Taylor v. Freeland & Kronz (In re Davis)*, 150 B.R. 633, 640 (Bankr. W.D. Pa. 1993) (citing *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949) and stating that "Rule 60(b)(6) vests a court with authority to vacate a judgment when such action is appropriate to accomplish justice.").

---

[1] Debtor represented that she had already mailed a check in the amount of $325 to the Trustee. However, the Trustee had not yet received that payment. To the extent that the Trustee receives that payment, the $538.75 balance owed will be reduced by that amount.

[2] Section 1322 was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA" or "the Act"), effective October 17, 2005. Because Plaintiff's bankruptcy case was filed before the effective date of the Act, reference to a particular section of the Bankruptcy Code in this opinion is to the pre-BAPCPA version of the Code. *See* Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, sec. 1501(b)(1), Pub. L. No. 109-8, 119 Stat. 23, 216 (stating that, unless otherwise provided, the amendments do not apply to cases commenced under Title 11 before the effective date of the Act).

Nevertheless, there is no dispute that Debtor has not successfully made any mortgage payments from February 2009 to the present time and did not successfully make her June 2008 payment. It is also undisputed that she has not yet paid in full her prepetition mortgage arrearage. Thus, in order to "accomplish justice" as to both Debtor and Creditor, good cause appearing,

**IT IS ORDERED** that this court's July 8, 2010, order [Doc. # 146] terminating the automatic stay be, and hereby is, **VACATED**; and

**IT IS FURTHER ORDERED** that the automatic stay is hereby reinstated, provided, however, continuation of the automatic stay under 11 U.S.C. § 362(a) is hereby conditioned upon Debtor (1) completing her Chapter 13 plan payments, including the prepetition mortgage arrearage, in the total amount of **$538.75** by **October 31, 2010**, and (2) curing any post-petition arrearage, the timing and amount of which will be determined by further order of the court after receiving the accounting from Creditor as directed below; and

**IT IS FURTHER ORDERED** that upon Debtor's failure to perform either condition, Creditor may file a request for further hearing for relief pending statutory termination of the automatic stay under 11 U.S.C. § 362(c); and

**IT IS FURTHER ORDERED** that on or before **October 28, 2010**, Creditor must file with the court and serve upon Debtor a full post-petition accounting. The filing shall identify the address to which payments should be sent at this time, shall identify the current holder of the note and mortgage, the current servicer of the note and mortgage and shall include Debtor's and Trustee's payment history, identification of how payments were applied, Creditor's disbursement history (including disbursements for property taxes and insurance), the amount of each monthly payment due, the past due date and amount of each monthly payment alleged to be unpaid, the basis for calculating any changes in the monthly payment amount(s), the amount currently held in suspense and the amount currently held in escrow.

4