**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: August 21 2015**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 05-39580 |
| | ) | |
| Villa Yvonne Duckett, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER DENYING MOTION TO REOPEN

This case is before the court on Debtor's August 14, 2015, motion to reopen her completed Chapter 13 case. [Doc. # 216]. Debtor is representing herself in filing the motion.[1] On August 20, 2015, the court held a hearing on the motion that Debtor attended in person and counsel for Wells Fargo Bank attended by telephone. Debtor's stated purpose for wanting her case reopened is for this court to prevent her from being evicted from her residence, which was originally scheduled to occur on August 20, 2014, and for her to present arguments to this court as to why she believes the sheriff's sale of her home was improper. For the following reasons, Debtor's motion will be denied.

As stated at the hearing, the court takes judicial notice of the contents of the dockets in the state court proceedings in the Hancock County, Ohio, Common Pleas Court (Case No. 2012-F-419) and the Third

---

[1]At the hearing, the court denied Debtor's oral request to delay proceedings on her motion to allow her time to try and find counsel. At the conclusion of this case in 2011, she was representing herself. She also had a lawyer representing her in the state court proceedings that are the subject of her present motion in this court.

District Court of Appeals of Ohio (Case No. 5-14-11). *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736 (6th Cir.1980) ("Federal courts may take judicial notice of proceedings in other courts of record"). Additional facts are gleaned from documents provided by Debtor and Debtor's statements at the hearing.

Debtor received a discharge in this Chapter 13 case on March 14, 2011, and the case was closed on July 8, 2011. Wells Fargo Bank, as Trustee for Salomon Brothers Mortgage Securities VII, Inc. Asset-Backed Certificates, Series 1998-AQ1, ("Wells Fargo") commenced a foreclosure action in Hancock County, Ohio Common Pleas Court ("Common Pleas Court") on August 15, 2012, with respect to a mortgage on Debtor's home. Debtor, through counsel, filed an answer and a counterclaim seeking "relief from the mortgage" and alleging that "the original lender is now defunct and that Wells Fargo had no interest in the property." The Common Pleas Court granted Wells Fargo's motion for summary judgment on the complaint and on the counterclaim and, on April 22, 2014, entered its Judgment Entry - Decree of Foreclosure and Order of Sale. Debtor, through counsel, filed a notice of appeal. However, on August 29, 2014, the state court of appeals dismissed the appeal for want of prosecution. The order for sale was subsequently vacated at the request of Wells Fargo and the Common Pleas Court entered on February 4, 2015, a second Order for Sale. Debtor's home was sold at a Sheriff's sale on March 24, 2015, and the Common Pleas Court confirmed the sale on June 10, 2015. A Sheriff's deed was executed pursuant to the Common Pleas Court's second Order of Sale and the Confirmation of Sale, conveying the property to Wells Fargo as the purchaser. A release of the mortgage on the property was filed of record on July 15, 2015.

On July 27, 2015, a Writ of Possession was issued to the Hancock County Sheriff directing him to cause Wells Fargo to have possession of Debtor's home. On August 6, 2015, after the Writ of Possession had been posted on the front door of the residence, Debtor was instructed in a letter from the Sheriff's office that she must vacate the property by 2:00 p.m. on August 20, 2015. The letter states that her failure to do so and to grant the Sheriff entry into the property will result in her arrest for trespassing and obstructing official business, as she no longer owns the home.

In the meantime, Debtor filed a Motion to Dismiss Fraudulent Foreclosure in the Common Pleas Court. In denying that motion, the Common Pleas Court set forth the numerous motions that had previously been filed by Debtor, and had been ruled upon, asking the court to consider whether Wells Fargo had standing to foreclose on the property. In denying her most recent motion, the Common Pleas Court explained that Debtor was again asking it to reconsider the same issue. Thereafter, Debtor filed a motion to extend the eviction date, which the Common Pleas Court granted until August 27, 2015.

## LAW AND ANALYSIS

Section 350 of the Bankruptcy Code provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). A decision to reopen a case is committed to the sound discretion of the court. *In re Kapsin*, 265 B.R. 778, 780 (Bankr. N.D. Ohio 2001). The reopening of a case is a ministerial act, which "lacks independent legal significance and determines nothing with respect to the merits of the case." *Cusano v. Klein*, 264 F.3d 936, 948 (9th Cir. 2001). It affords no independent relief, but merely gives a bankruptcy court the opportunity to act on a substantive request for relief. *In re Kirksey*, 433 B.R. 46, 48 (Bankr. D. Colo. 2010). Where the court cannot afford the moving party the requested relief, the court does not abuse its discretion in refusing to reopen the case. *Id.* at 48-49 (citing *In re Schicke*, 290 B.R. 792, 798 (B.A.P. 10th Cir. 2003)).

In this case, the court has no authority to grant the relief requested by Debtor. The *Rooker–Feldman* Doctrine bars a party who loses in state court from seeking relief from the judgment in a lower federal court. This stems from the principle that the United States Supreme Court is the only federal court vested with the authority to reverse or modify a final state court judgment. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). "The doctrine applies when (1) the federal plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state-court judgments, (3) those judgments were rendered before the federal suit was filed, and (4) the plaintiff is inviting the district court to review and reject the state-court judgments." *In re Burchill*, 591 Fed. Appx. 176, 179 (6th Cir. 2015) (citing *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir.2010)).

All four elements of the *Rooker-Feldman* doctrine apply here. The Common Pleas Court entered summary judgment in favor of Wells Fargo and against Debtor and her state court appeal was dismissed before her motion to reopen was filed. Debtor is now challenging the foreclosure judgment and orders of sale and confirmation of sale as being improper because Wells Fargo is not a real party in interest. And Debtor's ultimate injury that she seeks to avoid is the loss of her home, which stems directly from the foreclosure judgment and subsequent related state court orders. She is asking this court to review and reject all of those state court judgments and orders. Even if this case were reopened for further proceedings, the *Rooker-Feldman* doctrine bars this court from granting any of the relief sought by Debtor. *Cf. Ogilvie v. Nationstar Mortg. LLC (In re Ogilvie)*, 533 B.R. 460, 465-67 (Bankr. M.D. Pa. 2015). Accordingly, because no purpose can be served by granting Debtor's motion to reopen, the motion will be denied.

**THEREFORE,** for the foregoing reasons and as otherwise stated on the record by the court at the hearing, good cause appearing,

**IT IS ORDERED** that Debtor's Motion to Reopen Case [Doc. # 216] be, and hereby is, **DENIED.**

###